## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| CAMBRIA COMPANY LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 21-cv-00380 |
| COSENTINO S.A., C & C NORTH | § | |
| AMERICA, INC., STONE SYSTEMS OF | § | **COMPLAINT FOR PATENT** |
| CENTRAL TEXAS, LLC, STONE | § | **INFRINGEMENT** |
| SYSTEMS OF HOUSTON, LLC, STONE | § | |
| SYSTEMS OF NEW MEXICO, LLC, | § | |
| STONE-MADE PRODUCTS, INC., STONE | § | |
| SUPPLIERS, INC., and QUARTZ SURFACE | § | |
| SUPPLIES, INC., | § | |
| | § | |
| Defendants. | § | |

Plaintiff, Cambria Company LLC, alleges as follows for its claim of patent infringement against Defendants Cosentino S.A., C & C North America, Inc., Stone Systems of Central Texas, LLC, Stone Systems of Houston, LLC, Stone Systems of New Mexico, LLC, Stone-Made Products, Inc., Stone Suppliers, Inc., and Quartz Surface Supplies, Inc. (collectively, "Defendants"):

### <u>NATURE OF THE ACTION</u>

1. This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including specifically 35 U.S.C. § 271, based on Defendants' willful infringement of U.S. Patent No. 10,981,293 ("the '293 Patent") by the unauthorized manufacture, use, offer for sale, sale, and/or importation of Defendants' infringing products accused herein.

2. This action is related to four pending actions in this District that are proceeding on a consolidated schedule, with a trial scheduled for October 12, 2021. *See Cambria Co. LLC v.*

1

*Cosentino S.A., C & C N. Am., Inc., et. al.*, Nos. 6:20-cv-894, -895, -896, and -897 (W.D. Tex. Sept. 30, 2020).  The '293 Patent, which issued at 12:00 a.m. midnight Eastern Time on April 20, 2021 (11 p.m. Central Time on April 19, 2021), is related to the patents asserted in the foregoing actions, and Defendants' accused products and accused activities in this action are the same or overlap with Defendants' accused products and accused activities in the foregoing actions. Cambria thus respectfully submits that the same consolidated schedule for the foregoing actions should be entered in this case, and that this case should be tried together with the foregoing actions on October 12, 2021.

3.      For at least the reasons set forth in Cambria's Motion for Preliminary Injunction in Case No. 20-894, D.I. 30-2, which is incorporated by reference as if fully set forth herein, Defendants' ongoing infringement of the '293 Patent is causing Cambria to suffer irreparable harm.   Should this case not proceed on an expedited basis, Cambria respectfully requests preliminary relief to enjoin Defendants from all of the infringing activities described below in this Complaint.

## THE PARTIES

4.      Plaintiff Cambria Company LLC ("Cambria") is a limited liability company organized under the laws of Minnesota and having its principal place of business at 805 Enterprise Drive East, Suite H, Belle Plaine, Minnesota 56011.

5.      On information and belief, Defendant Cosentino S.A. ("Cosentino") is a Spanish corporation with a principal place of business at Ctra. A334 Baza-Huércal Overa, km 59, Cantoria, (Almería, Andalusia) Spain, 04850, Registered in the Business Register of Almería, Volume 90, Section 176, Pages 2270, 4th Entry.  Within the last year, Cosentino has filed a federal lawsuit in this District.  *See, e.g.*, *Cosentino Research & Dev. S.L.U., Cosentino S.A.U., and C & C N. Am.,*

2

*Inc. v. Cambria Co. LLC*, No. 6:20-cv-1080 (W.D. Tex. Nov. 24, 2020).  Also within the last year, Cosentino did not contest jurisdiction or venue in four lawsuits filed against it in this District.  *See Cambria Co. LLC v. Cosentino S.A., C & C N. Am., Inc., et. al.*, Nos. 6:20-cv-894, -895, -896, and -897 (W.D. Tex. Sept. 30, 2020).

6.      On information and belief, Defendant C & C North America, Inc. ("Cosentino North America") is a Delaware corporation with a principal place of business at 355 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134, and a physical office space at 1340 Airport Commerce Dr #100, Austin, TX 78741.  Cosentino North America may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  On information and belief, Cosentino North America is registered to do business in the State of Texas, and has been since at least February 23, 2005.  Cosentino North America has filed at least four lawsuits in the State of Texas, including a federal lawsuit in this District within the last year.  *See, e.g.*, *See Cosentino Research & Dev. S.L.U., Cosentino S.A.U., and C & C N. Am., Inc. v. Cambria Co. LLC*, No. 6:20-cv-1080 (W.D. Tex. Nov. 24, 2020); *see also C & C N. Am., Inc. v. Prestige Marble, Inc.*, No. 16-DCV-229255 (Tex. Dist. Ct. Jan 15, 2016); *C & C N. Am., Inc. v. James Sharp*, No. 15-DCV-228382 (Tex. Dist. Ct. Dec. 09, 2015); *C & C N. Am., Inc. v. Builders Plus of N. Tex., LLC*, No. 15-DCV-222733 (Tex. Dist. Ct. Apr 15, 2015); *C & C N. Am. Inc. v. Apogee Reco LLC*, No. 201347092 (Tex. Dist. Ct. Aug 12, 2013).  Also within the last year, Cosentino North America did not contest jurisdiction or venue in four lawsuits recently filed against it in this District.  *See Cambria Co. LLC v. Cosentino S.A., C & C N. Am., Inc., et. al.*, Nos. 6:20-cv-894, -895, -896, and -897 (W.D. Tex. Sept. 30, 2020).

7.      On information and belief, Defendant Stone Systems of Central Texas, LLC ("Stone Systems Central Texas"), is a Delaware corporation with a principal place of business at

3

355 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134 and a physical location at 4101 Smith School Road Ste #200 Bld. 2, Austin, TX 78744.  Stone Systems Central Texas may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  On information and belief, Stone Systems Central Texas is registered to do business in the State of Texas, and has been since at least October 24, 2001.  Within the last year, Stone Systems Central Texas did not contest jurisdiction or venue in four lawsuits recently filed against it in this District.  *See Cambria Co. LLC v. Cosentino S.A., C & C N. Am., Inc., et. al.*, Nos. 6:20-cv-894, -895, -896, and -897 (W.D. Tex. Sept. 30, 2020).

8.       On information and belief, Defendant Stone Systems of Houston, LLC ("Stone Systems Houston"), is a Delaware corporation with a principal place of business at 355 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134 and a physical location at 3700 S. Sam Houston Pkwy W., Houston, Texas 77053.  Stone Systems Houston may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  On information and belief, Stone Systems Houston is registered to do business in the State of Texas, and has been since at least April 16, 2020.  Within the last year, Stone Systems Houston did not contest jurisdiction or venue in four lawsuits recently filed against it in this District.  *See Cambria Co. LLC v. Cosentino S.A., C & C N. Am., Inc., et. al.*, Nos. 6:20-cv-894, -895, -896, and -897 (W.D. Tex. Sept. 30, 2020).

9.       On information and belief, Defendant Stone Systems of New Mexico, LLC ("Stone Systems New Mexico"), is a Delaware corporation with a principal place of business and physical office space at 5535 Los Picaros SE, Albuquerue, NM 87105.  Stone Systems New Mexico may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  On information and belief, Stone Systems New Mexico is registered to do

business in the State of Texas, and has been since at least September 29, 2011.  Within the last year, Stone Systems New Mexico did not contest jurisdiction or venue in four lawsuits recently filed against it in this District.  *See Cambria Co. LLC v. Cosentino S.A., C & C N. Am., Inc., et. al.*, Nos. 6:20-cv-894, -895, -896, and -897 (W.D. Tex. Sept. 30, 2020).

10.     On information and belief, Defendant Stone-Made Products, Inc. ("Stone-Made"), is a Delaware corporation with a principal place of business at 355 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134, and a physical office space at 203 West Overly Drive, Dallas, Texas, 75065.  Stone-Made may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  On information and belief, Stone-Made is registered to do business in the State of Texas, and has been since at least June 28, 2019.  Within the last year, Stone-Made did not contest jurisdiction or venue in four lawsuits recently filed against it in this District.  *See Cambria Co. LLC v. Cosentino S.A., C & C N. Am., Inc., et. al.*, Nos. 6:20-cv-894, -895, -896, and -897 (W.D. Tex. Sept. 30, 2020).

11.     On information and belief, Defendant Stone Suppliers, Inc. ("Stone Suppliers"), is a Delaware corporation with a principal place of business at 355 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134.  Stone Suppliers may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  On information and belief, Stone Suppliers is registered to do business in the State of Texas, and has been since at least April 24, 2001.  Within the last year, Stone Suppliers did not contest jurisdiction or venue in four lawsuits recently filed against it in this District.  *See Cambria Co. LLC v. Cosentino S.A., C & C N. Am., Inc., et. al.*, Nos. 6:20-cv-894, -895, -896, and -897 (W.D. Tex. Sept. 30, 2020).

12.     On information and belief, Defendant Quartz Surface Supplies, Inc. ("Quartz Supplies"), is a Delaware corporation with a principal place of business and a physical office space

at 355 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134.  Quartz Supplies may be served through its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.  On information and belief, Quartz Supplies is registered to do business in the State of Texas, and has been since at least January 13, 2003.

13.      On information and belief, Cosentino North America, Stone Systems Central Texas, Stone Systems Houston, Stone Systems New Mexico, Stone-Made, Stone Suppliers, and Quartz Supplies are current direct or indirect subsidiaries of Cosentino.

## JURISDICTION AND VENUE

14.      This Complaint includes claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

15.      Defendant Cosentino is subject to personal jurisdiction due to its contacts with the State of Texas, and in particular, with the Western District of Texas.  On information and belief, Cosentino manufactures and ships products including quartz surface products under the brand name Silestone to Cosentino North America in the United States, including in this District, for distribution and sale.

16.      In addition to importing slabs of Silestone from Spain and selling them to fabrication companies where countertops are cut to specified geometry and size, Cosentino also operates its own network of fabrication stores, called Stone Systems.  On information and belief, Cosentino North America distributes Silestone slab products by and through Stone Systems stores, including in the Western District of Texas.   According to Stone Systems' website, http://www.stone-systems.com/, Stone Systems is "the largest network of commonly owned stone

fabrication shops" in North America, and Cosentino supplies each of Stone Systems' four product brand offerings (Dekton®, Silestone®, Sensa and Natural Stone).

17.     On information and belief, Cosentino also sells Silestone to independently owned fabricators and kitchen and bath retailers throughout Texas. *See* https://www.silestoneusa.com/where-to-buy/.

18.     Cosentino maintains a website that markets Cosentino products. *See* https://www.cosentino.com/usa/.  Cosentino's website identifies the following for "Where to buy" its products: 55 available stores for Austin, Texas; 103 available stores for Dallas-Fort Worth, Texas Area; and 84 available stores for Houston, Texas.

19.     Defendant Cosentino North America is subject to personal jurisdiction due to its contacts with the State of Texas, and in particular with the Western District of Texas.  On information and belief, Cosentino North America distributes products including quartz surface products under the brand name Silestone to Stone Systems. On information and belief, Stone Systems then distributes these products in the Western District of Texas.

20.     Defendants Stone Systems Central Texas, Stone Systems Houston, Stone Systems New Mexico, Stone-Made, Stone Suppliers, and Quartz Supplies (collectively, the "Stone Systems Defendants") are subject to personal jurisdiction due to their contacts with the State of Texas, and in particular with the Western District of Texas.  The Stone Systems Defendants regularly transact business within this District, and have several regular and established business locations in Austin, Houston, and Dallas.

21.     On information and belief, Defendant Stone Systems Central Texas operates a facility at 4101 Smith School Rd. Ste #200 Bld. 2 in Austin, Texas 78744, from which it markets and distributes products on behalf of Cosentino.

22.     On information and belief, Defendant Stone Systems Houston operates a facility at 3700 S. Sam Houston Pkwy W, Houston, Texas 77053.

23.     On information and belief, Defendants operate the facility Cosentino Center Austin at 1340 Airport Commerce Dr. #100, Austin, Texas 78741, from which they market and distribute Cosentino products.

24.     On information and belief, Defendants operate the facility Cosentino Center Houston at 1315 West Sam Houston Pkwy N #150, Houston, Texas 77043, from which they market and distribute Cosentino products.

25.     On information and belief, Defendants operate the facility Cosentino Center Dallas at 11639 Emerald Suite #400, Dallas, Texas 75229, from which they market and distribute Cosentino products.

26.     Each Defendant is further subject to personal jurisdiction in this District because it has committed one or more acts of patent infringement within this District.

27.     Venue is proper in this judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because each Defendant has committed acts of infringement in this judicial District where the infringing products can be found, has a regular and established physical place of business in this judicial District, and/or is a foreign corporation which may be sued in any general judicial district.

## FACTUAL BACKGROUND

28.     Cambria is an industry leader in the design and manufacture of natural quartz surface products.  Cambria's quartz surface products have a variety of uses in homes and businesses, including, but not limited to, countertops, floor tiles, vanities, fireplace surrounds, wet bars, and showers.

29.     Cambria earned its reputation as a leader in the industry through years of innovation and a steadfast commitment to high quality in the design and manufacture of its products.  Cambria was the first and only U.S. producer of quartz surface products for many years.

30.     Quartz surface products have multiple performance benefits over other surface products.  For example, quartz surfaces never have to be sealed, unlike granite, marble and other surfaces that require regular maintenance.  Quartz surfaces are also scratch resistant and nonabsorbent, and they resist staining and do not harbor harmful bacteria.

31.     Cambria led the charge to grow the demand for quartz surface products by investing millions of dollars in Research and Development, which led to Cambria commercializing quartz product designs that have revolutionized the market.

32.     In 2014, Cambria changed the quartz countertop industry when it introduced its Coastal Collection with Cambria's new designs Galloway, Ellesmere, Langdon, Seagrove, and Summerhill.  In 2016, Cambria introduced additional new designs in the Coastal Collection: Helmsley, Harlech, and Princetown, and in March 2017, Cambria added Beaumont and Kelvingrove to Cambria's Coastal Collection.

33.     Three years after Cambria introduced its Coastal Collection, in February 2017, Cosentino introduced its "Eternal Collection" under its brand name Silestone.  *See* https://www.cosentino.com/usa/eternal-collection/.  According to a Silestone press release, the "Eternal Collection is the first in Silestone's offering to have veining and highlights run completely through the material, including its edges, resulting in an even more natural appearance."  *See* https://www.prnewswire.com/news-releases/silestone-releases-eternal-collection-with-n-boost-technology-300403123.html.  Cosentino's Silestone Eternal Collection includes, among other designs, Calacatta Gold and Calacatta Classic.  In January 2018, Bianco Calacatta was added to

Cosentino's Silestone Eternal Collection. *See* https://www.cosentino.com/usa/news/silestone-unveils-expanded-eternal-collection-at-kbis-2018/.

34.    In May 2019, Cosentino's International Patent Application No. WO 2019/101823 A1 published with a title of "Method and System for Producing Slabs, Tiles or Sheets of Artificial Stone with a Wide Vein Effect."   Cosentino's WO 2019/101823 A1 states that it was filed on November 21, 2018, and claims priority to ES 201731349, a Spanish Patent Application filed on November 22, 2017.  Cosentino's WO 2019/101823 A1 discusses Cambria's patent rights on page 2 (including Cambria's U.S. Patent No. 9,186,819 B1) and page 3 (referencing Cambria's International Patent Application No. WO 2016/123433 A1).

35.    In July 2020, Cosentino announced that it was adding new designs to Silestone's Eternal Collection.  *See*  https://www.cosentino.com/usa/news/cosentino-expands-silestone-offerings-with-three-new-innovative-colors/.  Cosentino again stated that "[t]he Eternal series is the first in Silestone's offering to have veining and highlights run completely through the material, including the edges, resulting in an even more natural appearance." *See id.*

## CAMBRIA'S ASSERTED PATENT

36.    The '293 Patent, titled "Processed Slabs, and Systems and Methods Related Thereto," was duly and legally issued by the United States Patent and Trademark Office at 12:00 a.m. midnight Eastern Time on April 20, 2021 (11 p.m. Central Time on April 19, 2021), and names Jon Louis Grzeskowiak, II and Martin E. Davis as the inventors.  A true and correct copy of the '293 Patent is attached hereto as **Exhibit A**.

37.    Cambria owns all substantial rights, titles, and interests in and to the '293 Patent, including the exclusive right and standing to bring suit with respect to any past, present, and future

infringement.  The assignment is recorded at the United States Patent and Trademark Office at Reel/Frame 054963/0925.  The '293 Patent is valid, enforceable, and in full force and effect.

<u>**DEFENDANTS' ACTIVITIES**</u>



**Bianco Calacatta**                                   **Calacatta Gold**



**Classic Calacatta**

38.     Defendants make, use, import, distribute, supply, market, offer for sale, and/or sell products that infringe at least one claim of the '293 Patent (the "Accused Products"), including but not limited to Defendants' Silestone "Bianco Calacatta," "Calacatta Gold," and "Classic Calacatta" products pictured above.   *See* https://www.silestoneusa.com/colors/.     The process of manufacturing the Accused Products, including those shown above, meets the elements of one or more claims of the '293 patent, as described in the following paragraphs.

39.     In Civil Action No. 6:20-cv-00894 pending in this District, which involves a Cambria patent that is related to the '293 Patent, Defendants submitted a declaration by Cosentino's Vice President of Global Product and R&D, Valentin Tijeras Garcia, dated December 2, 2020, which describes the alleged manufacturing process used to make Defendants' Bianco

Calacatta, Calacatta Gold, and Classic Calacatta products.  A true and correct copy of Mr. Tijeras'

declaration, as redacted by Defendants, is attached hereto as **Exhibit B**.

40.     On information and belief, Additional Accused Products that Defendants make,

use, import, distribute, supply, market, offer for sale, and/or sell are arranged similarly, or in

different arrangements, for which the process of manufacturing meets one or more claims of the

'293 Patent.

41.     Defendants are providing or have previously provided the Accused Products from

a number of locations in the United States, including Central Texas facilities in Austin, Texas.

42.     Cosentino offers for sale the Accused Products through at least the following

website:   https://www.silestoneusa.com/colors/.   Stone Systems offers for sale the Accused

Products at least through the following website:  http://www.stone-systems.com/colors/.

43.     Cosentino's website advertises Defendants' locations, including Defendants'

Centers in this District, as "combining the functions of warehouse, brand and product showroom,

and sales network."  *See* https://www.cosentino.com/usa/cosentino-center/.

44.     As advertised on the website, https://www.silestoneusa.com/silestone-formats/, the

Accused Products are offered in two slab sizes:  "Standard," which is 55 inches wide by 120 inches

long, and "Jumbo," which is 63 inches wide by 128 inches long.

45.     On information and belief, the Accused Products are engineered stone slabs, made

of a filler material, combined with a resin, pigments and additives.  The filler material is often

quartz.  *See* Ex. B at ¶ 7.

46.     Cosentino refers to its Silestone® countertops as "quartz" countertops.  *Id.* at ¶ 8.

47.     On information and belief, Cosentino's process for preparing the Accused Products

includes dispensing a pigmented particulate mix onto a planar surface through a stencil.

48.     On information and belief, the Accused Products contain a vein pattern.  *See, e.g.*, *id.* at ¶ 26.

49.     On information and belief, Cosentino's process for producing the Accused Products includes dispensing a second pigmented particulate mineral mix comprising predominantly quartz onto the planar surface into the second set of regions.  *Id.* at ¶ 27.

50.     On information and belief, the second particulate material in the Accused Products differs from the first particulate.  *Id.* at ¶ 28.

51.     On information and belief, the Accused Products are made by a process that includes compacting and curing at an elevated temperature.  *See id*. ¶ 35.

52.     The Accused Products embody, use, and are manufactured according to the inventions claimed in the '293 Patent.

53.     Cambria has not authorized Cosentino to copy, reproduce, manufacture, duplicate, disseminate, distribute, import, sell, offer for sale, or display any quartz surface products produced with the technology claimed by the '293 Patent.

54.     Cosentino is and has been aware of the '293 Patent since at least the filing of this lawsuit, and has continued its unauthorized infringing activity despite this knowledge.

55.     The '293 Patent issued from U.S. Application Number 17/018,755 ("the '755 application").

56.     The application resulting in the '293 patent published as U.S. Patent Publication Number 2020/0406495 ("the '495 publication") on December 31, 2020.

57.     Defendants cited the '495 application as Exhibit H to their responsive claim construction brief, filed in Civil Action Nos. 6:20-cv-00894, -895, -896, and -897, on February 22,

2021. Defendants have been aware of the '495 publication and the '755 application since at least February 22, 2021.

58.     The Issue Notification for the '755 application issued on March 31, 2021.

59.     On information and belief, Defendants have monitored the prosecution of the '755 application and were aware that the U.S. Patent and Trademark Office allowed the claims of the '755 application prior to the issuance of the '293 Patent.

60.     On information and belief, Defendants expected Cambria to assert the '293 Patent once it issued. For example, in their Pre-Institution Replies dated March 26, 2021, and filed in *Inter Partes* Review and Post-Grant Review proceedings in Case Nos. IPR2021-00214, IPR2021-00215, IPR2021-00216, and PGR2021-00010 before the U.S. Patent and Trademark Office, Patent Trial and Appeal Board, Cosentino and Cosentino North America acknowledged that Cambria had recently "received a notice of allowance" for new patent claims and stated that they "expect[ed] [Cambria] to seek to assert this newly allowed patent."

61.     Despite Defendants' knowledge of the '293 Patent and their knowledge of their infringing activities, Defendants continue to willfully violate Cambria's intellectual property rights by infringing the '293 Patent.

## COUNT I – INFRINGEMENT OF THE '293 PATENT

62.     Cambria incorporates by reference and realleges, as if fully set forth herein, paragraphs 1–61 of this Complaint.

63.     As set forth in the exemplary and non-limiting claim chart attached hereto as **Exhibit C**, Defendants infringe and/or have infringed, literally or under the doctrine of equivalents, at least claim 1 of the '293 Patent by importing, making, using, offering to sell, and/or selling the Accused Products without a license or permission from Cambria, including in this

14

judicial District.  In violation of at least 35 U.S.C. § 271(g), Defendants import, offer to sell, sell, and/or use within the United States products which are made by the process patented in the '293 Patent.  Prior to importation into the United States, the Accused Products are neither materially changed by subsequent processes, nor do they become a trivial and nonessential component of another product.

64.    Cambria has been damaged as a result of the infringing conduct by Defendants alleged above.  Thus, Defendants are at least liable to Cambria in an amount that compensates Cambria for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

65.    Defendants' infringement of the '293 Patent has caused, and will continue to cause, Cambria to suffer substantial and irreparable harm unless Defendants are enjoined by this Court pursuant to 35 U.S.C. § 283.

66.    Since at least the filing of this Complaint, Defendants have been on notice of and have actual knowledge of the '293 Patent and their infringement thereof.  Since obtaining knowledge of their infringing activities, Defendants have failed to cease their infringing activities.

67.    Defendants' infringement of the '293 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Cambria's rights.  Defendants' willful infringement entitles Cambria to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Cambria respectfully requests that this Honorable Court enter judgment for Cambria and against Defendants, granting Cambria the following relief:

A.    A preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) barring Defendants from infringing the '293 Patent;

B.    A judgment that Defendants have infringed one or more claims of the '293 Patent;

C.    An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate Cambria for Defendants' infringement and in no event less than a reasonable royalty, together with both pre- and post-judgment interest and costs as fixed by the Court from the first date of infringement of the '293 Patent;

D.    A permanent injunction pursuant to 35 U.S.C. § 283 prohibiting further infringement of the '293 Patent by Defendants;

E.    A judgment that Defendants' infringement has been willful and an award of increased damages as permitted under 35 U.S.C. § 284;

F.    A finding that this case is exceptional and an award of attorneys' fees and costs to Cambria as provided by 35 U.S.C. § 285 or as otherwise permitted by law; and

G.    Such other relief as this Court may deem proper and just.


Dated:  April 20, 2021                            Respectfully Submitted,

                                                  WINSTON & STRAWN LLP

                                                  By: */s/ M. Brett Johnson*
                                                  M. Brett Johnson (State Bar No. 00790975)
                                                  Natalie L. Arbaugh (State Bar No. 24033378)
                                                  2121 N. Pearl Street, Suite 900
                                                  Dallas, TX 75201
                                                  T: (214) 453-6500
                                                  F: (214) 453-6400
                                                  NArbaugh@winston.com
                                                  MBJohnson@winston.com

                                                  Katherine Vidal (*pro hac vice* to be filed)
                                                  Eimeric Reig-Plessis (*pro hac vice* to be filed)
                                                  275 Middlefield Road, Suite 205
                                                  Menlo Park, CA 94025
                                                  Telephone: (650) 858-6500
                                                  KVidal@winston.com
                                                  EReigPlessis@winston.com

                                                  Jason Z. Pesick (*pro hac vice* to be filed)
                                                  Vivek V. Krishnan (*pro hac vice* to be filed)
                                                  35 W. Wacker Drive
                                                  Chicago, IL 60601
                                                  Telephone: (312) 558-5600
                                                  JPesick@winston.com
                                                  VKrishnan@winston.com

                                                  ATTORNEYS FOR PLAINTIFF,
                                                  CAMBRIA COMPANY LLC

16